Mr. Justice Teacher
delivered the opinion of the court.
Shem Thompson.instituted his action of assumpsit, in his individual capacity, upon a promissory note, dated in 1838, and payable to him as administrator de bonis non of the estate of Hezekiah Harmon, deceased. The defendants below pleaded non assumpsit, and a plea of payment. Some time after the institution of the suit, the death of the plaintiff was suggested to the court below, and the cause was revived in the names of the plaintiff’s administratrix and administrator, without objection on the part of the defendants there. The cause was submitted to a jury, who rendered a verdict for the plaintiff’s administrators, and a judgment was given in accordance therewith. The record shows that during the trial, the defendants below filed a bill of exceptions, by which it appears that the plaintiff’below read the note upon which the action was founded, in evidence, and also admitted that the note was made by the defendants below, to the original plaintiff, as administrator de bonis non of Hezekiah Harmon, deceased, to secure the payment of an instalment of the purchase-money due by Laugh-man, one of the defendants below, for a tract of land belonging to the estate of Harmon, and which had been sold by Shem Thompson, as administrator de bonis non of Harmon, by virtue of an order of the probate court of Claiborne county, and purchased by Laughman at said sale; that the defendants below then offered to introduce in evidence two certified copies of the records of the probate court of Claiborne county, in order to show that the proceedings of that probate court, under which the land had been sold, and for which the note sued upon had *269 been given, were irregular, and contrary to law, and that the note was therefore void, because the records show that a citation to the heirs had not been duly issued and served, and publication had not been made according to law, and because the note in question was improperly made payable in bank. The introduction of these records, as evidence, was refused by the court below. The record also shows that a motion for a new trial was made and overruled, and the bill of exceptions thereunto sets out the evidence as above stated.
It is certainly competent, in a case where the objection to the recovery upon a promissory note is put upon the grounds that the consideration for which the note was given was property purchased at an administrator’s sale, and that the sale was not made according to the directions of the statute, in such cases, to permit the records of the proceedings of the probate court, appertaining to the sale, to be introduced in evidence, and it is error to reject evidence thus legitimate. Worten, Administrator, v. Howard, 2 S. & M. 530. A sale by order of the probate court of the real estate of a decedent, must be made in strict compliance with the law, by issuing citation, and advertising, or it will be void, and the records of the proceedings may be offered to show that the rules of law in those respects have not been strictly observed. Smith v. Deuson, Adm'r. 2 S. & M. 326. It must appear from the records of the probate court, in cases of the sale of lands by an administrator under its order, that legal notice has been given to the heirs at law, or a legal reason in excuse of the want of such notice, or both the order and the sale are void. Gwin et al. v. McCarroll, 1 S. & M. 351; Campbell v. Brown et ux. 6 How. 106. In the case at bar, the record offered to be introduced does* not show whether citation was issued and served, or not, nor whether there were any heirs or creditors of the estate, or whether they voluntarily appeared. In the absence of the record, this court would be bound to presume that the probate court acted correctly ; but if, upon inspection of the record, no citation appears to have issued, no appearance to have been made by the parties, and no evidence of the non-existence of such parties, this court *270 would be compelled to pronounce an order and sale, under such circumstances, to be void. Such a record must show, affirmatively, everything necessary to give the court jurisdiction over the subject-matter. The defence sought to be introduced in this case was decided by this court in the case of Gwin et al. v. Me Carroll, above quoted, to be legitimate under the general issue.
The point taken upon the mode in which the suit was instituted, and afterwards revived, we do not think is well sustained. Buffum v. Chadwick, 8 Mass. R. 103.
Judgment reversed, and new trial awarded.